United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN MILLER,

Plaintiff,

v.

BETTER HOME & FINANCE HOLDING COMPANY,

Defendant.

Case No. 25-cv-07893-EMC

**ORDER GRANTING MOTION TO DISMISS**

Docket No. 45

This is a second attempt at a class action against Defendant Better Home & Finance Holding Company. The Court dismissed the original complaint because the sole putative lead plaintiff, Ms. Leanos, was facially barred by the statute of limitations and the delayed discovery doctrine did not apply to her claim. Dkt. No. 37. On May 14, 2026, Ms. Leanos voluntarily dismissed her claims. Also on May 14, 2026, counsel filed an amended complaint with a new sole named Plaintiff, Mr. Shawn Miller. Dkt. No. 41.

Mr. Miller alleges that he applied for a loan with Defendant in January or February of 2024. *Id.* ¶ 5. His suit is therefore time-barred under the applicable two-year statutes of limitation, unless his action relates back to Ms. Leanos' action, originally filed in September of 2025.[1]

Federal Rule of Civil Procedure 15(c) allows a plaintiff to relate back an amended pleading "to the date of a *timely* filed original pleading," rendering the amended pleading "timely even though it was filed outside an applicable statute of limitations period." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 538 (2010) (emphasis added). But as the Ninth Circuit has observed, "Of

[1] Plaintiff relies exclusively on relation back. He waives other tolling arguments by not addressing them in his opposition. *See* Dkt. No. 46 at 10.

course, relation back does not help [Plaintiff] if the original complaint was not timely in the first instance." *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1007 (9th Cir. 2014); *see also Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) ("The prior complaint, having been itself filed after the expiration of the one-year statute of limitations for the claims which it contained, was a nullity. That complaint cannot then act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contained."); *Boggs v. 3M Co.*, 527 F. App'x 415, 418 (6th Cir. 2013) ("[A] plaintiff may not save one untimely claim by tacking it on to an untimely initial complaint"); *Kirkpatrick v. Foss*, No. CV 17-08917-CAS (AGR), 2019 U.S. Dist. LEXIS 166965, at *23 (C.D. Cal. May 15, 2019) ("Petitioner is unable to benefit from the relation-back doctrine for the claims raised in the FAP because the original Petition was untimely."); *Godine v. Montgomery*, 2019 U.S. Dist. LEXIS 39743, at *8 (C.D. Cal. Jan. 7, 2019) ("[I]n order for Petitioner to benefit from this 'relation back' doctrine, his original Petition must have been timely filed in the first instance."); *Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1240–41 (S.D. Cal. 1998) ("It strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint."); *Clink v. Or. Health & Sci. Univ.*, 9 F. Supp. 3d 1162, 1166 (D. Or. 2014) (plaintiff could not rely on Rule 15(c) to relate back an untimely claim to an untimely original complaint).

Here, the complaint to which Plaintiff seeks to relate his claim was facially untimely. The relation back doctrine thus cannot save his claim.

Plaintiff argues that a different result should obtain because this action is a putative class action, relying on the tolling doctrine set forth in *American Pipe*. In *American Pipe*, the Supreme Court held that "the filing of a *timely* class action complaint commences the action for all members of the class as subsequently determined." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) (emphasis added); *accord China Agritech, Inc. v. Resh*, 584 U.S. 732, 735 (2018) ("The Court held in American Pipe that the *timely* filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint.") (emphasis added); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1119 (Cal. 1988) (adopting *American Pipe*). Plaintiff identifies no case applying tolling under *American Pipe* where the initial class action complaint was facially

United States District Court
Northern District of California

untimely, and the Court is aware of none. *See Bolton v. First Advantage LNS Screening Sols., Inc.*, No. 14 CIV. 5735 PAC, 2015 WL 4039834, at *3 (S.D.N.Y. July 1, 2015) ("Nor can *American Pipe* be applied to [Plaintiff's] initial claim on behalf of prospective class members. Since [Plaintiff] commenced a clearly untimely suit, the class he purported to represent could fare no better.").

Further, in *China Agritech*, the Supreme Court clarified that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *China Agritech*, 584 U.S. at 736. It "does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 740. It certainly does not permit such a plaintiff asserting a class action to piggyback on an earlier, facially *untimely* class action.

Because Plaintiff's complaint is barred by the statute of limitations, Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Dated: 7/20/2026

EDWARD M. CHEN
United States District Judge